**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30206 |
| Plaintiff-Appellee, | D.C. No.<br>1:14-cr-00112-SPW-1 |
| v. | |
| KRISTOFER MIKAL WRIGHT, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted February 5, 2018**
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and MCSHANE,*** District Judge.

Appellant Kristofer Mikal Wright appeals the district court's finding that

reasonable suspicion existed for police to conduct an investigatory stop of Wright

and to subsequently search a backpack. Because the officer who searched Wright

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

\*\*\* The Honorable Michael J. McShane, United States District Judge for the District of Oregon, sitting by designation.

had a reasonable belief that Wright engaged in criminal activity, and because Wright denied any possessory interest in the backpack, we AFFIRM.

Under the totality of the circumstances, when the officer seized Wright by asking him to stand in order to conduct a pat-down frisk, the officer had a "particularized and objective basis" for suspecting Wright was engaging in or was about to engage in criminal activity. *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Here, the officer had information from a reliable, in-person, informant that Wright just left what the informant believed to be a drug house. The officer was familiar with the type of drug activity that occurred in the neighborhood. Wright's driving appeared evasive as the officer followed him. When the officer approached Wright and his companion, they appeared nervous and under the influence of methamphetamine. They gave conflicting accounts of their activities. Wright stated he had no identification and could not immediately recall his name when asked.

The district court did not err in finding the information given to the officer by an unidentified citizen complainant was reliable. *United States v. Palos-Marquez*, 591 F.3d 1272, 1275 (9th Cir. 2010). The information provided by the complainant, along with the subsequent observations of the officer, established reasonable suspicion that Wright was engaged in criminal activity.

In addition, by repeatedly denying ownership of a backpack, Wright relinquished any expectations of privacy with regard to its search. *Abel v. United*

*States*, 362 U.S. 217, 241 (1960). This provides an independent basis to affirm the district court.

**AFFIRMED.**